UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

GINA L. BRITTON,

               Plaintiff,

        v.

MICHAEL ASTRUE, Commissioner of
Social Security,[1]

             Defendant.

No.: CV-11-314-EFS

**ORDER GRANTING DEFENDANT'S
SUMMARY-JUDGMENT MOTION AND
DENYING PLAINTIFF'S SUMMARY-
JUDGMENT MOTION**

    Before the Court, without oral argument, are two cross-summary-judgment motions.  Plaintiff Gina L. Britton appeals the Administrative Law Judge's (ALJ) denial of benefits.  ECF Nos. 10 & 15.  Ms. Britton contends the ALJ erred because 1) she is more physically limited than the ALJ determined, as Dr. Frank McBarron's testimony and Dr. Sherry Wu's and ARNP Michael L. Keith's opinions revealed, and 2) the ALJ failed to include all of the limitations resulting from her fibromyalgia and migraine headaches into the hypothetical question posed to the

    [1]  Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25 (d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this lawsuit.  No further action need be taken to continue this lawsuit. 42 U.S.C. § 405(g).

ORDER - 1

vocational expert.  The Commissioner of Social Security ("Commissioner")
asks the Court to affirm the ALJ's decision that Ms. Britton is capable
of returning to her past relevant work.  After reviewing the record and
relevant authority the Court is fully informed.  For the reasons set
forth below, the Court affirms the ALJ's decision and therefore denies
Ms. Britton's motion and grants the Commissioner's motion.

**A.    Statement of Facts[2]**

Ms. Britton is a 40-year-old mother of two school-aged children.
ECF No. 7 at 66, 195.  Ms. Britton lives at home with her two children
and her boyfriend, and she has primary responsibility for caring for the
children and the house. *Id.* at 41-42, 64-67.

Ms. Britton has a high-school degree and attended college for two-
and-a-half years, eventually becoming a certified medical assistant.
*Id.* at 42.  Ms. Britton last worked in 2005.  *Id.* at 43.  Prior to that
date, Ms. Britton worked as a CNA in internal medicine (light work,
skilled), phlebotomist (light work, semi-skilled), fast food worker
(light work, unskilled), cook helper (light work, unskilled), sales
clerk (light work, semi-skilled), animal caretaker (medium work, semi-
skilled), bartender (medium work, semi-skilled), and waitress (light
work, semi-skilled).  *Id.* at 44-45, 82-83.  Ms. Britton claims she is

---

[2]  The facts are only briefly summarized.  Detailed facts are
contained in the administrative hearing transcript, the ALJ's decision,
and the parties' briefs.

ORDER - 2

unable to be substantially gainfully employed due to her severe muscular pain and migraine headaches.

**B.    Procedural History**

On May 3, 2007, Mr. Britton filed concurrent applications for Social Security Disability Insurance Benefits and Supplemental Security Income Benefits (hereinafter, "claim for benefits"), alleging an onset of disability beginning November 14, 2003, due to fibromyalgia, migraines, nausea, kidney disease, and generalized dystonia. ECF No. 7 at 134-151, 197. Her claims for benefits were denied, *id.* at 94-100, and her request for reconsideration of that denial was denied, *id.* at 105-11. Ms. Britton then requested an administrative hearing, which was held on December 12, 2008, before ALJ Gene Duncan. *Id.* at 112-13, 38-89. On October 23, 2009, the ALJ denied Ms. Britton's claim for benefits. *Id.* at 17-31. The Appeals Council thereafter denied Ms. Britton's request for review. *Id.* at 1-6.

On November 3, 2011, Ms. Britton filed this lawsuit, claiming that the ALJ's decision is not supported by substantial evidence. ECF No. 4. On June 18, 2012, Ms. Britton filed her Motion for Summary Judgment, ECF No. 18, and on July 30, 2012, the Commissioner filed its Motion for Summary Judgment, ECF No. 20.

**C.    Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death

ORDER - 3

or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).    The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled.  20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities.  If she is, benefits are denied.  20 C.F.R. §§ 404.1520(b), 416.920(b).  If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past.  This includes determining the claimant's residual functional capacity.  20 C.F.R. §§

ORDER - 4

404.1520(e), 416.920(e).   If the claimant is able to perform her previous work, she is not disabled.   If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of her age, education, and work experience.   20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

The burden of proof shifts during this sequential disability analysis.   The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits.   *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).   The claimant meets this burden if she establishes that a physical or mental impairment prevents her from engaging in her previous occupation.   The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy" which the claimant can perform.   *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).   A claimant is disabled only if her impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy.   42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.   Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision.   *See Weetman v. Sullivan*, 877

ORDER - 5

F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).  The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision.  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance, *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E.  Analysis**

Ms. Britton argues the ALJ failed to fully consider the medical evidence and opinions, particularly Dr. McBarron's testimony and Dr.

ORDER - 6

Wu's and ARNP Michael L. Keith's opinions, and therefore the ALJ failed to reach the proper determination as to the level of impact that Ms. Britton's impairments have on her ability to work.    Upon review of the entire record, the Court finds the ALJ's determination that Ms. Britton is not disabled is supported by substantial evidence.

Although Dr. McBarron testified that he believed Ms. Britton may suffer from a somatoform disorder or from fibromyalgia, he opined that Ms. Britton could perform light work notwithstanding her limitations. ECF No. 7 at 78.    Because Dr. McBarron opined that Ms. Britton is capable of light work, the ALJ noted that he was giving "little weight to the statement by Dr. McBarron that the claimant's signs and symptoms equal listing requirements." *Id.* at 21.    The ALJ's decision that Ms. Britton does not satisfy a specific listed impairment is not erroneous. Also, although both Dr. McBarron and Dr. Wu opined that Ms. Britton suffers from fibromyalgia, the Court finds that the ALJ's residual functional capacity assessment comports with the entire medical record, including Ms. Britton's migraine headaches.

The Court finds the ALJ also appropriately did not accept Michael Keith, ARNP as an acceptable medical source.    The ALJ noted that, "Mr. Keith is not an acceptable medical source who can give a medical opinion." *Id.* at 28.    There is no evidence that Mr. Keith worked under a physician's close supervision when caring for Ms. Britton. Accordingly, Mr. Keith does not qualify as a medically acceptable treating source.    *See Molina v. Astrue*, 674 F.3d 1104 (9th Cir. 2012)

ORDER - 7

(finding that physician's assistant did not qualify as a medically acceptable treating source).

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, Ms. Britton is not disabled.

**E.    Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1.    Ms. Britton's Motion for Summary Judgment, **ECF No. 10**, is **DENIED.**

2.    The Commissioner's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED.**

3.    **JUDGMENT** is to be entered in the Commissioner's favor.

4.    The case shall be **CLOSED.**

**IT IS SO ORDERED.**   The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 2nd  day of July 2013.


                         s/ Edward F. Shea
                   ─────────────────────────────
                         EDWARD F. SHEA
                   Senior United States District Judge

Q:\EFS\Civil\2011\0314.social.sec.lc1.docx

ORDER - 8